IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOBBY FORD, # N-20126,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 12-cv-1282-JPG |
| | ) |
| **S.D. GODINEZ, DONALD GAETZ,** | ) |
| **REDNOUR, MRS. BRYANT,** | ) |
| **CHAPLAIN CAMP, TRACI L. PEEK,** | ) |
| **K. DEEN, COUNSELOR STAFFEY,** | ) |
| **BRETT A. KLINDWORTH,** | ) |
| **MARCUS A. MYERS, SGT . GEORGE,** | ) |
| **MARC HODGE,** | ) |
| **ASST. WARDEN STORM,** | ) |
| **LT. STAFFORD, C/O WALL,** | ) |
| **JACKIE MILLER, and** | ) |
| **SHERRY BENTON,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Some of his claims arose while he was previously incarcerated at Stateville Correctional Center ("Stateville") and Pinckneyville Correctional Center ("Pinckneyville").

Plaintiff claims that while he was in Stateville, he filed grievances over the loss of property that was confiscated from him (Doc. 1, p. 8). He was transferred to Pinckneyville on April 9, 2012, and while there, Defendant Peek filed a false disciplinary report against him in retaliation for another lawsuit previously brought in this Court. He was also physically assaulted by Defendant George, and his religious diet request was denied by Defendants Camp and Bryant

(Doc. 1, p. 10). He filed grievances over these issues, to which he did not receive a response (Doc. 1, pp. 9-13).

Plaintiff was transferred to Lawrence on July 25, 2012. On that date, he was severely beaten in his cell by Defendant Wall, who used racial slurs against him and threatened to come back if Plaintiff filed anything on him. Defendant Wall then refused to summon medical attention for Plaintiff (Doc. 1, p. 13). Plaintiff filed an emergency grievance over this incident. On July 31, Defendant Wall served Plaintiff a "special tray that he fixed himself" of food contaminated with bleach, spit, and pieces of glass. Plaintiff asked Defendant McCallister[1] to examine the tray, and then Defendants McCallister, Wall, and another officer came into Plaintiff's cell and beat and threatened him again (Doc. 1, p. 14). Plaintiff filed grievances over this episode. He also wrote a letter to Defendant Hodge (the Lawrence Warden) about denial of his religious diet (Doc. 1, p. 15), however, he does not allege that he initiated any new request to be placed on a religious diet directed to Lawrence dietary or chaplain officials.

On October 31, 2012, Plaintiff was interviewed by Defendant Stafford of Internal Affairs, regarding his accusations that Defendants Wall and McCallister attacked him (Doc. 1, p. 16). After this meeting, Plaintiff was taken to an empty room near the Internal Affairs building. Three unknown officers then handcuffed him, took him to the bathroom, and held his face down in the toilet, telling him "this is your last chance Nigger, keep your mouth shut!" (Doc. 1, p. 17).

**Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (Doc. 3)**

Prior to filing this action, Plaintiff had "struck out" by having three lawsuits dismissed as frivolous, malicious, or for failure to state a claim.[2] *See* 28 U.S.C. § 1915(g). [3] However, he has

---

[1] Defendant C/O McCallister was inadvertently omitted when this case was opened; the Clerk shall be directed to add him to the docket sheet.
[2] Plaintiff's strikes include *Ford v. Page*, Case No. 99-cv-8465 (N.D. Ill., dismissed April 18, 2000, for failure to state a claim); *Ford v. Walker*, Case No. 07-cv-1184 (C.D. Ill., dismissed Sept. 6, 2007, for

filed a motion for leave to proceed in this action without full prepayment of the filing fee (Doc. 3). Therefore, this Court must determine whether Plaintiff is "under imminent danger of serious physical injury," such that he should be allowed to proceed in forma pauperis ("IFP"), despite the fact that he has "struck out." The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In the case at bar, Plaintiff's complaint contains allegations that lead the Court to conclude that he could be under imminent danger of serious physical injury, due to the repeated assaults he claims to have suffered at the hands of Defendants Wall, McCallister and other officers at Lawrence. The alleged threats from these Defendants indicate that their actions could recur.

It is therefore **ORDERED** that Plaintiff's motion for leave to proceed IFP in this

---

failure to state a claim); *Ford v. Ryker*, Case No. 10-cv-830-GPM (S.D. Ill., dismissed March 4, 2011, as frivolous).
[3] § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

case (Doc. 3) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b), **IT IS ORDERED** that Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action as follows:

1. Plaintiff shall pay an initial partial filing fee of **$ 15.14**. *See* 28 U.S.C. § 1915(b)(1). The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from Plaintiff's prison trust fund account to the Clerk of Court upon receipt of this Memorandum and Order.

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Wall, McCallister, and three or more Unknown Party Correctional Officers for excessive force (Count 1) and retaliation (Count 2), and against Defendant Wall for deliberate indifference to medical needs following the beating on July 25 (Count 3).

Regarding the incidents at Pinckneyville, Plaintiff has stated cognizable claims against Defendant Peek for retaliation (Count 4), against Defendant George for excessive force (Count 5), and against Defendants Camp and Bryant for denial of a religious diet (Count 6). However, because these claims involve different Defendants and are not factually related to Counts 1, 2, or 3, they shall be severed into three separate actions. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits). Plaintiff shall have the opportunity to voluntarily dismiss any of these severed claims if he does not wish

to incur the obligation to pay another filing fee for each new case. Moreover, since none of the claims to be severed involve any threat of imminent physical danger, Plaintiff must pre-pay the $350 fee for any severed action he wishes to pursue, as outlined below.

Finally, although Plaintiff complains at length about various Defendants' failures to respond to his grievances (Count 7), these allegations do not amount to a constitutional claim. The failure to consider or respond to grievances, as well as improper handling of grievances, does not implicate any constitutional right. Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's right to maintain a § 1983 suit over the substantive matters raised in the grievances. Nonetheless, a Defendant's action or inaction in handling Plaintiff's grievances does not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Furthermore, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli*, 81 F.3d at 1430. For these reasons, Count 7 and Defendants Godinez, Gaetz, Rednour, Deen, Staffey, Hodge, Storm, Miller, and Benton shall be dismissed with prejudice.

Plaintiff further fails to state any constitutional claim against Defendants Klindworth, Myers, and Stafford, and they shall be dismissed from the action with prejudice. Defendants

Klindworth and Myers served on the Pinckneyville disciplinary committee that found Plaintiff guilty of the allegedly false disciplinary charges filed against Plaintiff by Defendant Peek (Doc. 1, p. 9). However, the essence of Plaintiff's claim against them is that they failed to correct the wrong done to him by Defendant Peek, who allegedly filed the charges in order to retaliate against Plaintiff. There is no indication in the complaint that Defendants Klindworth or Myers personally engaged in any retaliatory conduct.

Defendant Stafford investigated Plaintiff's complaints of excessive force at Lawrence. Although Plaintiff was offended by Defendant Stafford's warnings of possible disciplinary action if his accusations were false, neither this nor any of Plaintiff's other allegations state a claim against Defendant Stafford.

**Pending Motion**

The motion for service at government expense (Doc. 2) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below for the Defendants in Counts 1, 2, and 3, but no service shall be made on the Defendants in the dismissed claims. Service on the Defendants named in the severed claims shall not be ordered until after the deadline for Plaintiff to either voluntarily dismiss those claims or pay the filing fee.

**Disposition**

The Clerk is **DIRECTED** to add Defendants **C/O McCALLISTER** and **UNKNOWN PARTY CORRECTIONAL OFFICERS** as parties to this action.

The Clerk is further **DIRECTED** to mail a copy of this Order to Plaintiff and to the Trust Fund Officer at the Lawrence Correctional Center *upon entry of this Order*.

**COUNT 7** is **DISMISSED** with prejudice. **DEFENDANTS GODINEZ, GAETZ, REDNOUR, DEEN, STAFFEY, KLINDWORTH, MYERS, HODGE, STORM,** and

**STAFFORD** are **DISMISSED** from this action with prejudice.

**COUNTS 4, 5, and 6**, which are unrelated to the excessive force, retaliation, and deliberate indifference claims in Counts 1, 2, and 3, are **SEVERED** into three new cases. These new cases shall be:

(1) Claim against **DEFENDANT PEEK** for retaliation (Count 4 herein);

(2) Claim against **DEFENDANT GEORGE** for excessive force (Count 5 herein); and

(3) Claim against **DEFENDANTS CAMP** and **BRYANT** for denial of religious diet (Count 6 herein).

Each new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In each new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order
(2) The Original Complaint (Doc. 1) and exhibits (Docs. 1-1 & 1-2)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with any of the newly-opened cases, he must notify the Court in writing on or before **February 22, 2013**. Unless Plaintiff notifies the Court that he does not wish to pursue one or more of the newly opened actions, he **will be responsible for an additional $350 filing fee** in each new case. In addition, because Plaintiff has "struck out" and none of the new cases involves any imminent danger of serious physical injury, Plaintiff may only proceed in the newly severed cases if he **pre-pays the $350 filing fee (one fee for each case) within the above deadline. Failure to timely pay the filing fee shall result in dismissal of the new case(s) with prejudice**. Conversely, if Plaintiff timely informs the court that he will voluntarily dismiss one or more of the newly severed cases, he will not be assessed a new filing fee for any dismissed case, and the new case(s) will be dismissed without prejudice. No service shall be ordered on Defendants Peek, George, Camp, or Bryant until after the deadline for Plaintiff's response.

**IT IS FURTHER ORDERED** that the <u>*only claims remaining in this action are*</u> <u>*COUNTS 1, 2, and 3 against Defendants WALL, McCALLISTER, and UNKNOWN PARTY*</u> <u>*CORRECTIONAL OFFICERS*</u> for excessive force, retaliation, and deliberate indifference to Plaintiff's medical needs.  This case shall now be captioned as: **BOBBY FORD, Plaintiff, vs. C/O WALL, C/O McCALLISTER, and UNKNOWN PARTY CORRECTIONAL OFFICERS, Defendants.**

**IT IS FURTHER ORDERED** that Defendants **PEEK, GEORGE, CAMP,** and **BRYANT** are **TERMINATED** from *this* action with prejudice.

As to **COUNTS 1, 2, and 3,** the Clerk of Court shall prepare for Defendants **WALL** and **McCALLISTER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Party Correctional Officer Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: January 18, 2013

s/ J. Phil Gilbert<br>
**United States District Judge**