UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY FORD,<br><br>       Plaintiff,<br><br>       v.<br><br>S.D. GODINEZ, DONALD GAETZ, REDNOUR, K. DEEN, COUNSELOR STAFFEY, BRETT A. KLINDWORTH, MARCUS A. MYERS, MARC HODGE, ASST. WARDEN STORM, LT. STAFFORD, C/O WALL, JACKIE MILLER, SHERRY BENTON, C/O MCCALLISTER and UNKNOWN PARTY CORRECTIONAL OFFICERS,<br><br>       Defendants. | Case No. 12-cv-1282-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Magistrate Judge Philip M. Frazier's May 16, 2013, order (Doc. 23) staying this case, ordering plaintiff Bobby Ford to pay on or before July 12, 2013, the $15.14 initial partial filing fee assessed at the outset of this case (Doc. 5), and warning Ford that if he failed to pay the entire initial partial filing fee his case would be dismissed without prejudice.  Ford has responded to the order but he has tendered no part of the initial partial filing fee (Doc. 24).  He blames Stateville Correctional Center personnel for failing to submit payments as directed by the Court and claims that he is currently in debt and cannot pay the initial partial filing fee.  Ford's response is supported by documents reflecting the status of Ford's inmate trust account from November 2012 to January 2013.

The Court allowed Ford to proceed without prepayment of fees and assessed an initial partial filing fee of $15.14 pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 5).  The Court calculated this

filing fee after considering the average monthly balance or deposits in Ford's account for the six-month period immediately preceding the filing of the complaint. Ford began that period with a balance of $70.66. He received several substantial deposits within that period ($355.54 and $24.50), but then spent the vast majority of his funds on commissary purchases, books, the library and postage, once purchasing a book and once purchasing a commissary item for substantially more than the assessed initial partial filing fee ($28.00 and $53.82, respectively), leaving him with a little less than $15.00 in his account when he filed this lawsuit on December 19, 2012. The Court further notes that Ford has received regular deposits of approximately $10.00 per month for his prison job from October 2012 to January 2013, the date of the latest deposit record he has provided to the Court. He has submitted no trust fund account statement covering the period beyond January 2013.

It is clear that within the six months before Ford filed this suit and in the time after he filed this suit he was capable of paying $15.14 to the Court. In addition to the two sizable deposits noted above, he received $10.00 in pay six days before he mailed his complaint and another $10.00 in pay in January 2013 from which he could have paid the entire initial partial filing fee. That Ford made the financial decision to spend his money on other things and not to save it to pay for this lawsuit is a decision Ford must live with. If a prisoner's account received ample funds to pay the required fee at the required time but he spent the money on other things, the prisoner's case can be dismissed for noncompliance with 28 U.S.C. § 1915(b)(1). *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). "Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997), *quoted in Miller v. Hardy*, 497 Fed. App'x 618, 621 (7th Cir. 2012).

Ford further seeks to blame Stateville Correctional Center for the failure to remit the full

initial partial filing fee. While it is true that the Court's order directed the prison to send the Court money from Ford's account, it was Ford's ultimate responsibility to see that this was done. It is, after all, his lawsuit. Magistrate Judge Frazier's May 16, 2013, order alerted Ford that the prison had not sent the money, yet Ford took no action to see that the payment was made.

Because Ford has not paid the initial partial filing fee as ordered by the Court when he had the ability to do so, the Court **DISMISSES** this case **without prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly.[1]

**IT IS SO ORDERED.**
**DATED: July 16, 2013**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**

---

[1] The Court further notes that Ford's *in forma pauperis* status may be subject to revocation. Ford has accumulated three strikes under 28 U.S.C. § 1915(g), but he was allowed to proceed *in forma pauperis* anyway because he alleged he was in imminent danger from the defendants who he alleged were harming him at Lawrence Correctional Center, where he was housed at the time he filed this lawsuit. He has since been transferred to Stateville Correctional Center, where he no longer faces that imminent danger. *See Owens v. Schwartz*, No. 12-14623, 2013 WL 2319423, at *2 (11th Cir. May 28, 2013) (post-filing transfer to different institution dissipated imminent danger for § 1915(g) purposes); *but see Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (stating relevant time for assessing imminent danger is "at the time the complaint is filed" as opposed to in the past). *Contra Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (post-filing transfer does not affect § 1915(g) analysis). Thus, the justification for allowing Ford to proceed without full prepayment of fees after having filed three frivolous lawsuits or appeals no longer exists.