UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY FORD,<br><br>    Plaintiff,<br><br>    v.<br><br>S.D. GODINEZ, DONALD GAETZ, REDNOUR, K. DEEN, COUNSELOR STAFFEY, BRETT A. KLINDWORTH, MARCUS A. MYERS, MARC HODGE, ASST. WARDEN STORM, LT. STAFFORD, C/O WALL, JACKIE MILLER, SHERRY BENTON, C/O MCCALLISTER and UNKNOWN PARTY CORRECTIONAL OFFICERS,<br><br>    Defendants. | Case No. 12-cv-1282-JPG-PMF |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 40) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff Bobby Ford's motions for default judgment against defendants Wall and McCallister after they failed to respond to Ford's motion for summary judgment on the issue of exhaustion of remedies (Docs. 29 & 30). Ford has objected to the Report (Doc. 41), Wall and McCallister have responded to that objection (Doc. 42), and Ford has replied to that response (Doc. 43).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In the Report, Magistrate Judge Frazier noted that Wall and McCallister were not in default

because they have responded to Ford's complaint and the Clerk of Court has not entered default pursuant to Federal Rule of Civil Procedure 55(a), a prerequisite for default judgment under Federal Rule of Civil Procedure 55(b). He further noted that Wall and McCallister have responded to Ford's summary judgment motion by the deadline extended by the Court after defense counsel failed to note an earlier deadline set by the Court (Doc. 38). Finally, Magistrate Judge Frazier notes that even if relief were warranted, it would only be on the question of exhaustion, not on Ford's substantive claims.

Ford objects to the Court's decision to extend the deadline to respond to Ford's summary judgment motion after defense counsel overlooked the earlier deadline. To the extent this objection is addressed to the order extending the deadline, Court finds the order was not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

Ford also demonstrates his confusion about the meaning of default. The Clerk of Court is authorized to enter a party's default when they fail to respond to a pleading – not a motion – or if they otherwise fail to defend a case. *See* Fed. R. Civ. P. 55(a). Only after default has been entered pursuant to Rule 55(a) against a party is a default judgment under Rule 55(b) appropriate. To the extent a party may suffer for failing to respond to a *dispositive motion*, the remedy, if the Court believes in its discretion it is appropriate, is to construe the failure to respond as an admission of the merits of the motion. Local Rule 7.1(c). However, the Court may extend a response deadline for good cause, Fed. R. Civ. P. 6(b)(1), and it did so in this case pursuant to the defendants' request. As noted above, the decision to extend the deadline was not clearly erroneous or contrary to law.

Ford further complains that the Court has treated him unfairly by extending the defendants' deadline but by not extending his deadline to pay the initial partial filing fee assessed at the outset

of this case and by dismissing his case shortly after the deadline to pay the fee passed.[1]  The Court did not grant Ford an extension of time for a simple reason – he did not request one.   There is nothing unfair or inequitable about that decision.

The Court has reviewed the entire file *de novo* and, for the foregoing reasons, finds that the Report is correct for the reasons stated therein.   Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 40); and
- **DENIES** Ford's motions for default judgment (Doc. 29 & 30).

**IT IS SO ORDERED.**
**DATED:   December 6, 2013**

                                               s/ J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **DISTRICT JUDGE**

---

[1] This case has since been reinstated.