UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOBBY FORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Case No.   12-cv-1282-JPG-PMF |
| | ) |
| **S.D. GODINEZ, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court are cross-motions for summary judgment on the affirmative defense of failure to exhaust administrative remedies (Doc. Nos. 19, 33).   Plaintiff Bobby Ford is proceeding against defendants Charles Wall and Ray McAllister on a claim that they subjected him to excessive force and retaliation, and that they responded with deliberate indifference to his serious medical needs in violation of the Eighth and First Amendments.   These § 1983 claims arose during Ford's confinement at Lawrence Correctional Center in July, 2012.   On review of the materials, the Court finds that an evidentiary hearing would not assist the evaluation of the merits of the affirmative defense.

A prisoner must exhaust all available administrative remedies before he can bring a civil-rights action in federal court challenging any aspect of prison life.   42 U.S .C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances.   *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).   In considering whether a remedy is available, the Court looks to whether the paper process was in reality open for use.   *Kaba .v Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison officials impose new requirements on the grievance process, administrative remedies

may not be available. *Id*.

Ford prepared emergency grievances regarding the events underlying his claims against Wall and McAllister on July 30 and August 2, 2012. He followed the administrative protocol by sending both emergency grievances directly to the warden using institutional mail (Doc. No. 39-1, p. 1-2). Ford could not appeal to the Administrative Review Board (ARB) until he received a response from the warden. 20 Ill. Admin. Code 504.850. The warden did not respond to Ford's emergency grievances. Despite the lack of a response, Ford attempted to appeal to the ARB. The attempted appeal was received by the ARB on August 24, 2012, and rejected on September 17, 2012. Ford was advised that he must include in his appeal the responses from the warden and a grievance officer (Doc. No. 34-1, p. 3).

The materials show that the warden's failure to respond to Ford's emergency grievances prevented Ford from completing the established grievance procedure. Moreover, by insisting that Ford also obtain a response from a grievance officer, the ARB added a procedural requirement that is not part of established grievance procedure. 20 Ill. Admin. Code § 504.840. Defendants' suggestion that these circumstances show that Ford failed to exhaust available remedies is at odds with *Thorton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005), which explains how inmates properly exhaust emergency grievances.

IT IS RECOMMENDED that Ford's motion (Doc. No. 19) be GRANTED and that Wall and McAllister's motion (Doc. No. 33) be DENIED. The affirmative defense that Ford failed to exhaust available administrative remedies lacks merit and should be denied.

**SUBMITTED:**   March 4, 2014 .

   s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**